Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbgbs.com
Gil Burkwitz, Esq., Bar No.: 289337
gburkwitz@pbbgbs.com
Jake Hertzberg, Esq., Bar No.: 359988
jhertzberg@pbbgbs.com
**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

Attorneys for Defendant, COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew White, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:26-cv-00854-PA-AJR <br> Assigned to the Honorable: Percy Anderson <br> [Room 9A] <br><br> **DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *[Filed Concurrently with Declaration of Jake Hertzberg; and [Proposed] Order]* <br><br> Date .................... July 13, 2026 <br> Time ................... 1:30 p.m. <br> Courtroom..........9A <br><br> Complaint Filed: January 27, 2026 |

**TO THE COURT AND ALL PARTIES HEREIN:**

PLEASE TAKE NOTICE that on July 13, 2026, in Courtroom 9A, of the First Street Federal Courthouse, located at 350 West First Street, Los Angeles, CA 90012-4565, Defendant COUNTY OF LOS ANGELES (hereinafter "Defendant" or "the County"), will move this Court for an order to dismiss, with leave to amend, the 3rd,

PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

1

4th, 5th, and 6th Claims for Relief stated against it in ANDREW WHITE's ("Plaintiff") Complaint, pursuant to *Federal Rules of Civil Procedure,* Rule 12(b)(6), and corresponding case law. This Motion will be made and based upon the following grounds:

1.    The Third Claim for Relief for Violation *of 42 USC* § 1983 Direct Liability Action/Claims and Violation of Fourth and Fourteenth Amendments Municipal Liability under *Monell v. Dept. of Soc. Svcs.* against the County fails to state a claim upon which relief can be granted.

2.    The Fourth Claim for Relief for False Arrest/False Imprisonment under California State Law against the County fails to state a claim upon which relief can be granted.

3.    The Fifth Claim for Relief for Negligence under California State Law against the County fails to state a claim upon which relief can be granted.

4.    The Sixth Clam for Relief for Failure to Provide Immediate Medical Care under California State Law against the County fails to state a claim upon which relief can be granted.

This motion is made following the conference of counsel pursuant to *CDCA Local Rule* 7-3. On June 8, 2026, Defense Counsel had a telephonic conference with Plaintiff's counsel, discussing the County's intention to file a Motion to Dismiss. That same day, Defense Counsel sent Plaintiff's Counsel an email meet correspondence regarding Defendant's intention to proceed with a Motion to Dismiss, generally setting forth the basis for the anticipated motion and relevant legal authority. On June 8, 2026, Plaintiff's counsel responded via email to Defense counsel confirming receipt of the letter. However, after conferring about the matter, the parties were unable to reach a resolution.

///

///

///

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

This motion is made and based upon Plaintiff's Complaint, the Court file, the Memorandum of Points and Authorities submitted herewith, and any matter upon which the Court may take judicial notice.

DATED:  June 15, 2026

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU

By: /s/ Jake Hertzberg

Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Lusine Arshakyan, Esq.
Attorneys for Defendant,
COUNTY OF LOS ANGELES

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

3

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

## Table of Contents

I.      INTRODUCTION...............................................................................................7

II.     STATEMENT OF FACTS..................................................................................8

III.    LEGAL STANDARD .........................................................................................9

IV.     ARGUMENT ....................................................................................................10

    A.      PLAINTIFF'S *MONELL* CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................................10

    B.      PLAINTIFF'S FOURTH CLAIM FOR FALSE ARREST AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .............................................................12

    C.      PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.................................................................................................13

    D.      PLAINTIFF'S FAILURE TO PROVIDE IMMEDIATE MEDICAL CARE CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED....................15

V.      CONCLUSION .................................................................................................17

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

4

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)……………………………………………….…7

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)………………………...……………….7

*Board of Commissioners of Bryan County Oklahoma v. Brown*
520 U.S. 397, 409 (1997)…………………………………………...12

*City of Canton, Ohio v. Harris*
489 U.S. 378, 379 (1989)….…………………………………………11

*City of Oklahoma City v. Tuttle*
471 U.S. 808, 823-24 (1985)…….…………………………………12

*Connick v. Thompson*
563 U.S. 51, 62 (2011)………………….… ………………………11

*Dougherty, et al. v. City of Covina, et al.,*
No. 09-56395 (9th Cir. 2011) 10869, 10877…………………..……11

*Levin v. United Airlines Inc*
158 Cal. App. 4th 1002, 1018 (2008)………………………………...12

*Lucas v. City of Long Beach*
60 Cal. App. 3d 341, 350 (1976)……………………………………15

*Monell v. Dept. of Social Services*
436 U.S. 658 (1978)…………………………………………………10

*People v. Souza*
9 Cal. 4th 224, 230 (1994)……………………………….……...…12

*Papasan v. Allain*
478 U.S. 265, 286 (1986)……………………….……………..9

*Pembaur v. City of Cincinnati*
475 U.S., 469, 480-81 (1986)…………….…………….…….…11

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

*Watson v. State of California*

    21 Cal.App.4th 836, 843 (1993)……………………………….…….14

**Statutes**

*Federal Rule of Civil Procedure* ("FRCP") 12(b)(6)……………………..……..7

*Federal Rule* 8……………………………………………………………..…….9

*Government Code* § 815…………………………………………………....….13

*Government Code* § 844.6, subdivision (a)(2)…………………………….....13

*Government Code* § 845.6……………………………………………….....14

*Government Code Section* 844.6……………………………………………7

*Monell* claims…………………………………………………..……..7

*Vehicle Code* § 23152…………………………………………………....13

*42 U.S.C.* § 1983……………………………………………..……………10

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Plaintiff Andrew White ("Plaintiff") brings this action arising from his arrest on December 22, 2024, following a multi-vehicle collision in Los Angeles County, where the Plaintiff crashed into several parked vehicles. Although Plaintiff now attributes his conduct that evening to a stroke, the responding officers observed a driver who had just crashed into several parked vehicles, was unable to communicate coherently, and was unresponsive to basic questioning, all of which were objectively consistent with acute intoxication. Acting on these observable facts, the officer made a lawful probable cause determination and effected an arrest. Plaintiff's Complaint asks the Court to substitute that reasonable, on-scene judgement into a collection of federal constitutional violations and state tort claims. The law does not permit that result.

The Complaint suffers from several deficiencies that warrant dismissal under *Federal Rule of Civil Procedure* ("FRCP") 12(b)(6). First, Plaintiff's *Monell* claims against the County rest entirely on conclusory assertions about alleged training deficiencies and customs, which are not directed toward any specific prior incident, pattern of misconduct, or identified policy. Thus, Plaintiff's *Monell* claims are exactly the type of boilerplate municipal liability pleading that *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), prohibit.

Second, Plaintiff's false arrest claims, under both the Fourth Amendment and California law, fail because the officers had probable cause to arrest Plaintiff for driving under the influence based on his observable conduct at the scene of an accident he caused. Plaintiff cannot overcome the fact that the very symptoms Plaintiff attributes to his stroke are indistinguishable, to a reasonable officer in the field, from acute intoxication, and thus fails to rise above the speculative level.

Third, Plaintiff's state law negligence claim is barred by Absolute Prisoner

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

7

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

Immunity Under *Government Code Section* 844.6.

Finally, Plaintiff's state law claim for failure to provide immediate medical care fails to plead sufficient facts.

Overall, the legal framework governing civil rights claims against law enforcement and municipalities exists precisely to distinguish between actionable misconduct and the reasonable judgement that officers must make in real time, without the clarity that hindsight eventually provides. Plaintiff's Complaint fails to plead claims that cross that threshold. Thus, for the reasons set forth herein, the County respectfully request that this Court dismiss these claims for relief pursuant to *FRCP* 12(b)(6).

## II.    STATEMENT OF FACTS

On December 22, 2024, Plaintiff alleges that he was driving when he crashed into several parked vehicles. (Complaint ¶ 19). Responding DOE officers arrived at the scene and encountered Plaintiff in a state of "confusion," "nonsensical responses," "spontaneous utterances," and "an inability to follow or understand basic questioning." (Compl. ¶ 20). Plaintiff was unable to communicate coherently and could not respond meaningfully to the officers' questions. (Compl. ¶ 18, 24).

The Complaint acknowledges that the responding officers concluded that Plaintiff's symptoms were the result of acute intoxication. (Compl. ¶ 23). The responding officers transported Plaintiff to a hospital prior to booking. (Compl. ¶ 27). At the hospital, the officers allegedly communicated their observations to medical personnel, advising staff that Plaintiff appeared to be intoxicated and had sustained minor injuries in the traffic collision. (Compl. ¶ 28). Based on the information provided, hospital medical staff evaluated Plaintiff and issued a medical clearance for booking. (Compl. ¶ 30). The Complaint does not allege that that the officers intentionally falsified any information or acted with subjective knowledge that Plaintiff was suffering a stroke at the time they communicated with medical personnel. (Compl. ¶¶ 27-34).

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

8

Following medical clearance, Plaintiff was transported to jail and placed in a holding cell. (Compl. ¶ 35). While in custody, Plaintiff's condition allegedly deteriorated. (Compl. ¶ 36). Plaintiff was eventually transported back to a hospital, where he was diagnosed with a hemorrhagic stroke. (Compl. ¶ 38). Plaintiff alleges he now suffers from permanent neurological deficits, including expressive aphasia and cognitive impairment. (Compl. ¶ 40). Plaintiff contends that had the officer recognized the stroke symptoms in the field and accurately communicated his condition to medical personnel, he would have received timely neurological treatment and suffered a less severe outcome. (Compl. ¶ 41). This is the sum and substance of the factual allegations in this matter and there are no facts alleged from which to infer that the officers new or should have known Plaintiff was suffering a stroke at the time they communicated with medical personnel.

### III.    LEGAL STANDARD

Under *Rule* 8 of the *Federal Rules of Procedure*, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. at 555-56. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that simply offers "labels and conclusion," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]' devoid of 'further factual enhancement" will not do. *Iqbal*, 556 U.S. at 678 (first quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986), second quoting *Twombly*, 550 U.S. at 555, 557).

Under *Rule* 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. *Fed. R. Civ. P.* 12(b)(6). In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of the

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: *i.e.*, whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim had facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

## IV.   ARGUMENT

### A.   PLAINTIFF'S *MONELL* CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A municipality cannot be held liable under *42 U.S.C.* § 1983 under a theory of respondeat superior. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Instead, municipal liability is attached only when the plaintiff demonstrates that constitutional deprivation was caused by an official custom, policy, or practice of the municipality. *Id.* at 694. A plaintiff may establish municipal liability through three theories: (1) an express policy that caused a constitutional violation; (2) a widespread practice or custom that, although not officially authorized, is so permanent and well-settled as to

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

constitute a custom with the force of law; or (3) a decision by a final policymaker. *Pembaur v. City of Cincinnati*, 475 U.S., 469, 480-81 (1986). The standard is particularly demanding when a plaintiff's *Monell* claim is based on a failure-to-train theory. A municipality faces liability for failure to train only where the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). Deliberate indifference in this context requires a showing that the municipality was on actual or constructive notice that its training program was inadequate and that such inadequacy was likely to result in a constitutional violation. *Connick v. Thompson*, 563 U.S. 51, 62 (2011). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference. *Id.* at 62.

Here, Plaintiff's third cause of action is based on municipal *Monell* liability. However, the Complaint consists entirely of conclusory allegations that the County failed to adequately train its deputies to recognize stroke symptoms, distinguish medical emergencies from intoxication, and accurately communicate arrestee conditions to medical personnel. (Compl. ¶ 62(a)-(f).) These allegations suffer from fundamental and fatal deficiency, as they are not directed to any specific factual basis beyond the single incident alleged in this lawsuit.

Moreover, the Complaint identifies no prior incident in which the County deputies failed to recognize stroke symptoms in an arrestee. It cites no prior lawsuit, citizen complaint, or internal affairs investigation involving similar conduct. It references no specific deficiency in any identified training curriculum, program, or manual. It names no policymaker who was aware of, approved, or ratified a practice of conflating medical emergencies with intoxication. It does not allege that any supervisor reviewed the conduct at issue and approved of it.

Under *Iqbal* and *Twombly*, this is precisely the type of pleading that cannot survive a motion to dismiss. The Ninth circuit has made clear that a *Monell* plaintiff must allege facts, not conclusion, sufficient to permit a reasonable inference that a

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

11

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

policy or custom exists. (*See Dougherty, et al. v. City of Covina, et al.*, No. 09-56395 (9th Cir. 2011) 10869, 10877). Allegations that merely imitate the elements of a *Monell* claim without factual support to do not suffice. *Id.*

The Supreme Court has also made clear that "proof of a single incident of unconstitutional activity" by a non-policymaker is generally insufficient to establish a municipal custom or policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The narrow exception where a single incident will suffice applies only in the rare circumstances where "a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Board of Commissioners of Bryan County Oklahoma v. Brown*, 520 U.S. 397, 409 (1997). Such a standard is not met here. Stroke recognition, while important, is not the kind of "recurring situation" that inevitably produces constitutional violations absent specific training such that the County's deliberate indifference can be inferred from a single failure. The allegations here reflect, at most, an alleged error in judgement by responding officers.

As such, Plaintiff's Third Cause of Action fails to state a claim against the County of Los Angeles.

**B.    PLAINTIFF'S FOURTH CLAIM FOR FALSE ARREST AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The existence of probable cause is a complete defense to a claim of false arrest under California Law. *Levin v. United Airlines Inc.*, 158 Cal. App. 4th 1002, 1018 (2008). Probable cause exists when, under the totality of the circumstances known to the arresting officer, a person of reasonable caution would believe that an offense has been or is being committed by the person to be arrested. *People v. Souza.* 9 Cal. 4th 224, 230 (1994). Moreover, probable cause does not require certainty, nor does it require that the officer's belief be correct. Id.

The Complaint's factual allegations, taken as true, affirmatively demonstrate

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

12

probable cause for Plaintiff's arrest. The officer arrived at the scene of a multi-vehicle collision caused by Plaintiff. (Compl. ¶ 19-20). The responding officers observed Plaintiff exhibiting confusion, non-sensical responses, spontaneous utterances, and an inability to follow or understand basic questioning. (Compl. ¶ 20). Plaintiff was also unable to communicate coherently. (Compl. ¶ 18). These are observations the officers made at the scene of the accident, and such observations provide ample probable cause to arrest Plaintiff for driving under the influence, in violation of *Vehicle Code* § 23152.

The Complaint itself concedes that the observed symptoms are "well known indicators" of acute impairment, and that distinguishing stroke symptoms from intoxication requires specific officer training. (Compl. ¶ 21, 44). Thus, Plaintiff admits that the symptoms may be so similar that special training is required. Moreover, by pleading that the officer's error in distinguishing Plaintiff's stroke symptoms from intoxication, Plaintiff has essentially conceded that probable cause existed based on the officers' reasonable, if mistaken, perception of the facts. This is not, for example, a situation where the officers outright arrested someone they knew to be sober. This is instead a situation where the officers reasonably believed, albeit mistakenly, that Plaintiff was acutely intoxicated.

California courts have long held that probable cause can exist where the officer's belief ultimately proves incorrect, so long as the belief was objectively reasonable under the circumstances. Here, the Responding officers observed a driver who could not communicate, had nonsensical responses, and could not follow instructions. The exhibited behavior was consistent with acute intoxication. The arrest was therefore objectively reasonable.

### C.    PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Per California *Government Code* § 815, public entities are not subject to common law tort liability; all liability must be based on statute. More specifically,

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

13

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

*Government Code* § 844.6, subdivision (a)(2), establishes a broad and absolute immunity for public entities regarding injuries to inmates, stating that "a public entity is not liable for… (2) an injury to a prisoner." This immunity is broadly construed and applies to all state-law causes of action unless a specific statutory exception applies. Importantly, the immunity provided by Section 844.6 prevails over the general vicarious liability statute established in § 815.2. Therefore, a public entity cannot be held either directly or vicariously liable for medical negligence of its employees or contractors resulting in an injury to a prisoner.

Moreover, a "prisoner" within the meaning of § 844.6 includes any person held in custody, including pre-trial detainees and arrestees. Plaintiff's own Complaint alleges that at the time of the events giving rise to the Fifth Cause of Action, he was "in the custody of Defendants COUNTY and DOES 1 through 6." (Compl. ¶ 77). Plaintiff therefore qualifies as a prisoner under § 844.6, and the County is immune from liability for the injuries he sustained while in that status.

Consequently, the damages Plaintiff seeks under the fifth cause of action, which include permanent neurological deficits, cognitive impairment, and loss of functional capacity allegedly resulting from delayed stroke treatment while in custody, are precisely the type of injuries to a prisoner that § 844.6 was designed to immunize from general tort liability.

Section 844.6's immunity is subject to narrow exception under subdivision (c), which preserves liability where a public entity is required by law to furnish medical care and fails to do so. However, that exception is a specific, limited cause of action codified in Government Code § 845.6, which Plaintiff has pled separately as the sixth cause of action. The existence of § 845.6 as a discrete remedy confirmed that the California legislature intended to direct prisoner medical-care claims through that narrow statutory vehicle, as opposed to allowing such claims to proceed simultaneously through common-law negligence claims against the public entity. *Watson v. State of California*, 21 Cal.App.4th 836, 843 (1993) (holding that § 845.6

14

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

is the exclusive remedy against a public entity for failure to provide medical care to a prisoner; broader negligence theories are absorbed by § 844.6 immunity).

Accordingly, the fifth cause of action fails to state a claim against the County of Los Angeles as a matter of law and should be dismissed.

### D. PLAINTIFF'S FAILURE TO PROVIDE IMMEDIATE MEDICAL CARE CLAIM AGAINST THE COUNTY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Government Code § 845.6 provides a limited exception to the general immunity of public entities and employees for prisoner medical care claims. Specifically, § 845.6 imposes liability only where: (1) the plaintiff was a prisoner in custody; (2) the defendant knew or had reason to know the prisoner was in need of immediate medical care; and (3) the defendant failed to take reasonable action to summon such care. The statute is construed strictly and narrowly. *Lucas v. City of Long Beach*, 60 Cal. App. 3d 341, 350 (1976). Critically, § 845.6 creates a duty only to summon care, and therefore does not impose liability for the quality of care provided, the accuracy of information communicated to medical personnel, or the failure to correctly diagnose a prisoner's condition. *Watson v. State of California*, 21 Cal. App. 4th 836, 843 (1993).

Plaintiff's Sixth Cause of Action does not allege a failure to summon care. It alleges something fundamentally different: that Defendants misinformed hospital medical staff about the nature of White's condition, described him as intoxicated rather than as exhibiting stroke symptoms, and thereby caused medical personnel to clear him for booking rather than initiating stroke diagnostics. (Compl. ¶¶ 90-93.) A failure to communicate accurate clinical information to medical providers falls entirely outside the scope of § 845.6. *Watson*, 21 Cal. App. 4th at 843. Whether or not Defendants relayed accurate information to hospital staff is irrelevant to the § 845.6 inquiry, which asks only whether Defendants summoned care at all.

Moreover, the Complaint affirmatively alleges facts that defeat the § 845.6

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

claim on its face. The statute imposes liability only when the defendant failed to take reasonable action to summon immediate medical care. But the Complaint acknowledges that Defendants did summon care, twice in fact. Before booking, Defendants transported White to a hospital where medical staff evaluated and cleared him. (Compl. ¶¶ 27, 30.) Subsequently, while in jail, Defendants again transported White to a hospital, where he was diagnosed with a hemorrhagic stroke. (Compl. ¶ 38.) Because the complaint itself establishes that Defendants summoned medical care on both occasions, it negates the essential element of § 845.6 and the claim cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

The fact that Plaintiff believes Defendants should have summoned care sooner or should have communicated different information to medical personnel when they did, does not transform these allegations into a § 845.6 claim. Section 845.6 does not impose a duty of reasonable care in the provision of medical services; it imposes the narrow duty to summon care at all. *Lucas*, 60 Cal. App. 3d at 350. Plaintiff's actual allegations of a failure to diagnose, a failure to communicate accurate symptoms, and a failure to ensure timely treatment, are claims under general negligence law and the Fourteenth Amendment, not § 845.6.

Even if the statute could reach the conduct alleged, the specific allegations of the Sixth Cause of Action independently fail under the federal pleading standard. Paragraphs 89 through 94 of the Complaint contain no factual content beyond that already alleged in the preceding claims. Paragraph 91 simply states that Defendants "failed to attend to White and failed to summon medical care for him." This is a bare recitation of the statutory element, not a factual allegation, and does not satisfy Rule 8 as construed by *Iqbal* and *Twombly*. The Complaint does not identify which specific Defendant, at what specific point in time, formed knowledge that White required immediate medical care and then consciously declined to summon it. Without those specific factual allegations, the Court cannot draw a reasonable inference that a § 845.6 violation occurred, as opposed to the reasonable, if mistaken, belief that White

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

16

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

was intoxicated and had received a medical clearance for booking.

Plaintiff cannot satisfy the § 845.6 standard merely by reincorporating and relabeling the factual allegations underlying his other claims. *Iqbal*, 556 U.S. at 678. The statute's requirements of knowledge of an immediate need, and a failure to summon care must be supported by their own factual allegations, and here they are not.

Accordingly, the Sixth Cause of Action fails to state a claim against any Defendant and should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant County of Los Angeles respectfully requests the Court grant its motion, dismissing these actions, as Plaintiff has failed to set forth any actionable claim against the County.

DATED: June 15, 2026

**PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU**

By: /s/ Jake Hertzberg

Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Jake Hertzberg, Esq.
Attorneys for Defendant,
COUNTY OF LOS ANGELES

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On June 15, 2026, I served the foregoing document described as:
**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINT AND AUTHORITIES**

**on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:**

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules

☐ **BY ELECTRONIC MAIL:** Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(s) below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service of this document will be deemed as if served via mail pursuant to California Code of Civil Procedure §1013

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2026, in Burbank, California.

/s/ Esther Gresen

Esther Gresen

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR

## <u>SERVICE LIST</u>

**RE:**     **<u>White, Andrew v. County of Los Angeles</u>**

**Case No.:**     **<u>2:26-cv-00854-PA-AJR</u>**

Gregory Peacock, Esq.
Law Office of Gregory Peacock
4063 Birch Street, Suite 100
Newport Beach, CA 92660
T: (949) 292-7478
E: gregorypeacockesq@gmail.com
alex@gregpeacocklaw.com
greg@gregpeacocklaw.com
kylie@gregpeacocklaw.com

Cooper Alison-Mayne, Esq.
Associate Attorney
The Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310,
Woodland Hills, CA 91367
Office: +1.818.347.3333
cmayne@galipolaw.com
coopermayne@recap.email
dgilbert@galipolaw.com

**Attorney for Plaintiff,
ANDREW WHITE**

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

19

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS**
2:26-cv-00854-PA-AJR