UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Daniel Torrez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **IN CHAMBERS – COURT ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Complaint, filed by defendant County of Los Angeles ("Defendant" or the "County"). (Docket No. 16 ("Motion").) The Motion has been fully briefed. (Docket Nos. 17, 18.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 13, 2026, at 1:30 p.m. was vacated, and the matter taken off calendar.

## I.   BACKGROUND

Plaintiff Andrew White ("Plaintiff") brings this action against the County and 10 Doe Defendants. Does 1–6 are identified as law enforcement officers, firefighters, EMTs, paramedics, or other public officers or employees of the County. Does 7–10 are identified as County officials or supervisors, including the Sheriff, Assistant Sheriffs, Fire Chiefs, Supervisory EMTs/paramedics/firefighters, Commanders, Captains, Lieutenants, or other policy making persons. (See Compl. ¶¶ 7–8.)

According to the Complaint, on December 22, 2204, Plaintiff was driving home from a family visit when he suffered a stroke and crashed into several parked vehicles. (See id. ¶¶ 16–19.) As Plaintiff's neurological condition deteriorated, he "became confused, struggled to articulate words, and experienced expressive aphasia, rendering him unable to meaningfully explain his condition or advocate for himself. (Id. ¶ 18.) Does 1–6 responded to the scene. The Complaint alleges that while Plaintiff "exhibited obvious sights of severe neurological distress, including nonsensical responses, spontaneous utterances, confusion, and an inability to follow or understand basic questioning," Does 1–6 "failed to recognize or even consider that [Plaintiff] was experiencing a serious neurological emergency." (Id. ¶¶ 20, 22.) Instead, Does 1–6 "assumed and concluded that [Plaintiff] was 'merely intoxicated.'" (Id. ¶ 23.) Does 1–6 "repeatedly questioned [Plaintiff] about alcohol and drug use, despite his inability to respond coherently . . . , and interpreted his medical systems as willful noncompliance or impairment from substances" without conducting any sobriety testing. (Id. ¶¶ 24–25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Does 1–6 eventually transported Plaintiff to a hospital but told hospital staff that Plaintiff was intoxicated and had sustained only "minor injuries" from a traffic accident.  (Id. ¶¶ 27–28.) The Complaint alleges that these statements "improperly framed and anchored the hospital's clinical assessment, causing medical staff to rely on law enforcement's inaccurate characterization rather than conducting an emergent stroke evaluation," and that because of the misinformation from Does 1–6, hospital staff conducted only a "superficial evaluation" instead of a "proper medical screening" that would have included a neurological examination, "merely treated [Plaintiff's] minor physical injuries and cleared him for booking," and failed to provide Plaintiff with "time-critical stroke diagnostics and treatment."  (Id. ¶¶ 30–34.)

After receiving treatment for his injuries, Plaintiff was then transported to jail, where he was placed in a holding cell.  While in custody, his condition deteriorated further, and he "remained unable to speak, confused, and neurological impaired."  (Id. ¶¶ 35–36.)  Plaintiff spent several hours laying in his cell suffering from signs of a stroke before Does 1–6 finally transported him back to the hospital, where he was diagnosed with a stroke that had progressed to a hemorrhagic stage.  (Id. ¶¶ 37–38.)  The Complaint alleges that due to the delayed treatment, the damage to Plaintiff's brain was "catastrophic and irreversible," and that he now suffers from permanent neurological defects, including expressive aphasia, cognitive impairment, and loss of functional capacity, which have hindered his ability to work, communicate, and live independently.  (Id. ¶¶ 39–40.)

The Complaint alleges that the symptoms Plaintiff exhibited at the scene of the accident "are well-known indicators of an acute stroke, widely taught in basic law enforcement and first responder training," and that "any reasonably well-trained California peace officer would have recognized that [Plaintiff] was suffering from a stroke."  (Id. ¶¶ 21, 44.)

Based on these allegations, the Complaint alleges two claims against Does 1–6 under 42 U.S.C. § 1983 for:  (i) false arrest in violation of the Fourth Amendment (Claim One); and (ii) failure to provide medical care to arrestee in violation of the Fourteenth Amendment (Claim Two).  The Complaint alleges a § 1983 claim against the County for municipal liability pursuant to Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978) (Claim Three).  In addition, the Complaint alleges three claims against all Defendants under state law for:  (i) false arrest (Claim Four); (ii) negligence (Claim Five); and (iii) failure to provide immediate medical care in violation of Cal. Gov't Code § 845.6 (Claim Six).[1]  The County

---

[1]    The Complaint asserts that Does 7–10, are "in some substantial way liable and responsible" for the events described in the Complaint based (i) supervisory liability; and (ii) failure to train subordinate officers to distinguish between persons suffering from medical emergencies and persons who are intoxicated.  (See id. ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

moves to dismiss Claims Three, Four, Five, and Six against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## II.   LEGAL STANDARD

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  "A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."  Doe v. Garland, 17 F.4th 941, 950 (9th Cir. 2021) (quoting Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725–26 (9th Cir. 2000)).  "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'"  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III.     DISCUSSION

#### A.     *Monell* Claim

In his third claim for relief, Plaintiff seeks to hold the County liable for his alleged Fourth and Fourteenth Amendment violations.  "Because § 1983 does not provide for vicarious liability, local governments may not be sued under § 1983 for an injury inflicted solely by an employee or agent."  Forte v. Hughes, 13-CV-01980, 2014 WL 2930834, at *8 (E.D. Cal. June 27, 2014) (citing Monell, 436 U.S. at 693).  "Under Monell, municipalities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a 'final policymaker.'"  Ellins v. City of Sierra Madre, 710 F.3d 1049, 1066 (9th Cir. 2013).

Here, Plaintiff asserts his Monell claim under two theories of liability: (i) an official policy or custom; and (ii) failure to train.  Specifically, the Complaint alleges that Does 1–6, in arresting Plaintiff and depriving him of adequate medical care, acted pursuant to various policies, customs, practices, and/or usages of the County, which include "[d]eliberately disregarding obvious symptoms of serious emergencies, treating all such symptoms as evidence of intoxication, and failing to render medical aid to persons exhibiting symptoms of serious medical emergencies while they are in police custody," and "failing to adequately and properly train" officers and other County employees to recognize and respond to serious medical emergencies such as strokes.  (Compl. ¶ 62.)  Defendant argues that the Complaint fails to adequately allege a Monell claim under either theory of liability.

##### 1.     Official Policy or Custom

To prevail on a Section 1983 claim against a local government entity premised on an alleged policy or custom, a plaintiff must establish three elements: (1) that a municipal employee violated the plaintiff's rights; (2) that the municipality has a policy of custom that amounts to deliberate indifference; and (3) that the policy or custom was the moving force behind the violation of the plaintiff's constitutional rights, in the sense that the municipality could have prevented the violation with an appropriate policy or custom.  See City of Canton, Ohio v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Harris, 489 U.S. 378, 387–89, 109 S. Ct. 1197, 1204–05 (1989); see also Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (explaining that in order to hold the municipality liable, the policy, practice, or custom must be the "moving force behind a violation of constitutional rights"); Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 405, 117 S. Ct. 1382, 1389 (1997) ("Where a plaintiff claims that the municipality . . . has caused an employee to [violate the plaintiff's constitutional rights], rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."). An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Adickes v. S.H. Kress & Co., 398 U.S. 144, 167–68 (1970). Liability based on an "improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Defendant argues that the Complaint fails to sufficiently allege any official policy, practice, or custom by the County. The Court agrees. While the Complaint states that the County has a policy or custom of "deliberately disregarding obvious signs of serious medical emergencies," (Compl. ¶ 62), the Complaint fails to allege any facts showing that such a policy or custom actually exists, describing the substance of the policy, or demonstrating that this purported policy or custom is of sufficient duration, frequency and consistency that it has become the traditional method of carrying out policy. As pled, Plaintiff's allegations of an unconstitutional policy or practice are conclusory and premised on a single incident; as such, these allegations do not suffice to plausibly establish Monell liability. See Trevino, 99 F.3d at 918; Herd v. Cty. of San Bernardino, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018) (finding Monell claim allegations conclusory where plaintiffs failed to allege facts showing that claimed policies or customs actually exist and failed to "explain how the alleged policies are deficient or reflect on how the custom or policy amounted to deliberate indifference").

2.      Failure to Train

A "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thomspon, 563 U.S. 51, 61 (2011) (citation omitted). Failure to train "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom [an officer comes] into contact." Canton, 489 U.S. at 388. "To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." Benavidez v. County of San Diego, 993 F.3d 1134, 1153–54 (9th Cir. 2021). "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | | Date | July 10, 2026 |
|---|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | | |

issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy."  Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing Canton, 489 U.S. at 390).

Here, the Complaint alleges that California peace officers "are supposed to be trained to recognize the symptoms of strokes" and that any "reasonably well-trained California peace officer would have recognized that [Plaintiff] was suffering from a stroke."  (Compl. ¶ 44.)  Apart from this, however, the Complaint does not allege any facts about the training that County officers, custody staff, or other employees actually did or did not receive or why such training was deficient.  As pled, the Complaint fails to offer more than conclusory assertions of an inadequate training policy and thus fails to establish Monell liability.  See Herd, 311 F. Supp. 3d at 1168–69 (dismissing failure-to-train claim where plaintiffs provided "no facts regarding the training the officers received" and did not "explain why the training was inadequate"); Brown v. County of San Bernardino, No. ED CV 20-1304 JGB (SHKx), 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) (dismissing failure-to-train claim where plaintiff identified categories of improper training but failed to provide "facts explaining why that training was inadequate").

Importantly, moreover, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff generally must allege facts to show "a pattern of similar constitutional violations by untrained employees[.]"  Connick, 563 U.S. at 62; see also Jackson v. County of San Bernardino, No. 5:23-CV-003410-SSS (SHKx), 2023 WL 9066307, at *4 (C.D. Cal. Sept. 29, 2023) (listing factors to consider in determining whether prior constitutional violations amount to an improper custom, including "the degree of similarity between the factual allegations").  Here, the Complaint does not attempt to satisfy this requirement; it makes no mention of any other constitutional violations, let alone a pattern of similar violations.  Instead, Plaintiff argues that this case falls within an exception to this requirement and that the single incident alleged in the Complaint suffices to establish deliberate indifference.

The Supreme Court has left open the possibility that "evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability."  Bryan Cnty., 520 U.S. at 409 (citing Canton, 489 U.S. at 390 n.10).  However, this exception applies only "in a narrow range of circumstances" where the "unconstitutional consequences of failing to train [are] so patently obvious" that the municipality could be liable.  Connick, 563 U.S. at 64 (quoting Bryan Cnty., 520 U.S. at 409).  For instance, the Supreme Court has hypothesized that if a city were to deploy armed police officers to capture fleeing felons without training in the constitutional limitations on the use of deadly force, the unconstitutional use of deadly force "may be a highly predictable consequence" of the failure to train and thereby support a finding of deliberate indifference.  Bryan Cnty., 520 U.S. at 409 (citing Canton, 489 U.S. at 390 n.10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Here, the Court is not persuaded that Plaintiff's failure to train claim falls within this narrow exception.  First, Plaintiff fails to plausibly show that the situation described  in the Complaint—a car accident caused by a stroke—is the type of "recurring situation" contemplated by the single instance exception.  Second, while the Complaint alleges that the County fails to adequately train its employees to recognize certain medical conditions as distinct from intoxication, Plaintiff fails to offer sufficient facts or argument to show that it is "patently obvious" that this alleged failure to train would result the Fourth and Fourteenth Amendment violations alleged in this action.  Indeed, the alleged failure to train in this case bears little resemblance to the example given by the Canton court involving armed officers being deployed to capture fleeing felons without training on the use of deadly force.  See Canton, 489 U.S. at 390 n.10; see also Garcia v. Yuba Cnty. Sheriff's Dep't, 559 F. Supp. 3d 1122, 1125, 1130–31 (E.D. Cal. 2021) (finding single instance exception met in case where untrained police officers were dispatched to respond to a call about someone trying to commit suicide and the city allegedly had no policy for responding to mental health crises).  Thus, because Plaintiff fails to show that his claim falls within the narrow single exception requirement, and because the Complaint fails to allege the required pattern of similar constitutional violations, the Complaint fails to establish deliberate indifference and therefore fails to state a failure-to-train claim.

Accordingly, because the Complaint fails to satisfy the elements of a Monell claim under either of Plaintiff's theories of liability, this claim is subject to dismissal.  Defendant moves to dismiss Plaintiff's Monell claim with leave to amend, and Plaintiff requests leave to amend in his Opposition.  (See Mot., Notice at p. 1; Opp'n at p. 12.)  In light of this, and because it is not yet clear that "the allegation of other facts . . . could not possibly cure the deficiency," the Court concludes that dismissal with leave to amend is appropriate.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

### B. **State Law Claims**

The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  However, unless and until Plaintiff can adequately allege a viable claim over which the Court has original jurisdiction against a named defendant, the Court declines to address the sufficiency of the state law claims challenged in Defendant's Motion to Dismiss. The Court denies the Motion to Dismiss the state law claims without prejudice to Defendant reasserting its challenge to the sufficiency of those claims in the future.

### **Conclusion**

For the foregoing reasons, the Court grants in part Defendant's Motion to Dismiss and dismisses Claim Three of the Complaint with leave to amend.  Plaintiff's First Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-854 PA (AJRx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Andrew White v. County of Los Angeles, et al. | | |

Complaint, if any, shall be filed by July 27, 2026. The First Amended Complaint shall not include any new claims or parties without the Court's authorization.

Failure to file a First Amended Complaint by the above date will be deemed Plaintiff's election to stand on the Complaint and will result in dismissal of Claim Three without leave to amend.

IT IS SO ORDERED.